*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




# MEMORANDUM OPINION

No. 04-10-00705-CV

Colin Dwight **ELSIK**,
Appellant

v.

Beverly Sharon **ELSIK**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 08-1784-CV
Honorable Linda Z. Jones, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Karen Angelini, Justice
　　　　 Steven C. Hilbig, Justice
　　　　 Marialyn Barnard, Justice

Delivered and Filed:  June 22, 2011

AFFIRMED

This is an appeal from a final decree of divorce. The parties reached a mediated settlement agreement; however, when Appellant Colin Dwight Elsik proposed language relating to his retirement under the Teacher Retirement System be included in the final decree, Appellee Beverly Sharon Elsik argued that such a provision was not part of their mediated settlement agreement. The trial court agreed with Beverly and declined to include the provision in the final decree. Colin now appeals.

**DISCUSSION**

At the time of their divorce, Colin had already begun receiving retirement payments under the Teacher Retirement System, and Beverly was designated as the beneficiary of the optional retirement annuity under which, upon Colin's death, she would receive 100% of Colin's monthly retirement annuity for the rest of her life. In their mediated settlement agreement, Beverly and Colin agreed to the following with respect to Colin's retirement benefits under the Teacher Retirement System:

> PROPERTY TO PETITIONER (Husband): . . . All interest in Husband's Teacher Retirement benefits (TRS) except that portion awarded to wife herein. . . .
>
> PROPERTY TO RESPONDENT (Wife): . . . 35.5% of Husband's TRS (Tex. Teacher Retirement) Benefits to be divided by QDRO.

No mention was made in the mediated settlement agreement of Beverly's designation as Colin's beneficiary.

Because Colin was already receiving retirement payments, under Texas law, to revoke Beverly as the designated beneficiary, Colin needed to have the trial court order the change in the divorce decree. As the Texas Supreme Court has explained, the Teacher Retirement System ("TRS") allows a retiree to elect, instead of a standard service retirement annuity, an optional annuity that provides reduced payments to the retiree during his life and, at death, continued payments to and throughout the life of a designated beneficiary. *Holmes v. Kent*, 221 S.W.3d 622, 624 (Tex. 2007) (citing TEX. GOV'T CODE ANN. § 824). Only one beneficiary can be designated and changing the designation is restricted because the value of the optional annuity, and hence the cost to TRS, depend on the beneficiary's longevity. *Id.*; *see also* TEX. GOV'T CODE ANN. § 824.101(c) (West 2004). Thus, if a retiree is already collecting retirement payments and the beneficiary designated at the time of the retiree's retirement is the spouse or former spouse of

the retiree, the retiree may not revoke the designation of the beneficiary to receive the annuity on his death unless (1) "a court in a divorce proceeding involving the retiree and the beneficiary approves or orders the revocation in the divorce decree or acceptance of a property settlement"; or (2) "if the beneficiary is the spouse, a former spouse, or an adult child of the retiree and signs a notarized consent to the revocation." TEX. GOV'T CODE ANN. § 824.1012(a) (West 2004).

"TRS reads the statutory provisions strictly to require that a retiree submit the change or revocation to TRS on a prescribed form and that the divorce court's approval or order specifically direct the change or revocation; a divorce decree's general award of retirement benefits to a retiree does not, in TRS's view, satisfy the requirements." *Holmes*, 221 S.W.3d at 625. "According to TRS, these statutory requirements 'protect the trust fund from the claims of multiple beneficiaries that arise when there is uncertainty regarding the beneficiary of the benefits and the resulting costs of litigation.'" *Id.* "They also protect retirees and beneficiaries, TRS argues, by providing a clear, certain system for assigning retirement benefits." *Id.* Thus, the Texas Supreme Court has emphasized that "[t]he statutory provisions are very clear." *Id.* at 627. According to the court, "[o]nly one person may be designated beneficiary of an optional annuity." *Id.* "If the person is the retiree's spouse or former spouse, the designation may be changed only as provided by statute: that is, only if the spouse or former spouse signs a notarized consent, or if the divorce decree orders the change." *Id.*

Realizing that he needed to have the trial court in the divorce decree revoke the designation of his beneficiary as Beverly, Colin moved to have the trial court include the following provision in the decree:

> It is ordered pursuant to TEX. GOV'T CODE § 824.1012 that the designation of Beverly S. Elsik as the beneficiary of the optional retirement annuity, providing for her to receive at the death of Colin D. Elsik, 100% of his monthly retirement annuity for the rest

> of her life, be revoked, and Beverly S. Elsik is divested of all right, title, and interest as the beneficiary of the continuing retirement annuity. Further, Colin D. Elsik, as the owner of all rights, title, and interest, including the beneficiary interest in the TRS benefits, except those which may have been awarded in any Qualified Domestic Relations Order, is authorized to complete the forms necessary to effect the revocation of beneficiary as ordered herein.

Beverly objected to this provision being included in the divorce decree, arguing that the mediated settlement agreement contained no such provision. The trial court agreed with Beverly and declined to include the provision in the decree.

On appeal, Colin argues that the "trial court erred by signing a divorce decree that modified the mediated settlement agreement by awarding Beverly the right to be the beneficiary of the survivor's annuity, thus awarding her more than 35.5% of [Colin]'s retirement agreed upon in the mediated settlement agreement." In response, Beverly argues that the trial court did not "award" her the right to be the beneficiary of the survivor's annuity as the trial court's decree did not mention the survivor's annuity at all. And, she emphasizes that because the mediated settlement agreement did not mention the survivor's annuity, the trial court correctly followed the mediated settlement agreement by not including a provision regarding the survivor's annuity in the decree. Thus, Beverly argues the trial court's decree in no way modified the mediated settlement agreement. We agree with Beverly.

Under section 6.602 of the Family Code, a mediated settlement agreement is binding on the parties if the agreement (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed. TEX. FAM. CODE ANN. § 6.602(b) (West 2006). Here, the mediated settlement agreement in the record reflects these three requirements were met.

Further, neither Colin nor Beverly argues that the mediated settlement agreement did not meet these requirements, or that section 6.602 is inapplicable.

A mediated settlement agreement that meets the requirements of section 6.602(b) is binding, and "a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *Id.* § 6.602(c); *Brooks v. Brooks*, 257 S.W.3d 418, 422 (Tex. App.—Fort Worth 2008, pet. denied). If a mediated settlement agreement meets the statute's requirements, it must be enforced in the absence of allegations that the agreement calls for the performance of an illegal act or that it was procured by fraud, duress, coercion, or other dishonest means. *Spiegel v. KLRU Endowment Fund*, 228 S.W.3d 237, 242 (Tex. App.—Austin 2007, pet. denied). But, while a trial court in these circumstances has authority not to enforce the mediated settlement agreement, it has no authority to sign a judgment that varies from the terms of the mediated settlement agreement. *Garcia-Udall v. Udall*, 141 S.W.3d 323, 331-32 (Tex. App.—Dallas 2004, no pet.).

Colin argues that the trial court signed a judgment that varies from the terms of the mediated settlement agreement because the trial court did not include Colin's proposed provision regarding the survivor's annuity under TRS. In fact, however, the trial court's final decree does not vary from the terms of the mediated settlement agreement at all. Indeed, it strictly complies with the mediated settlement agreement. As noted, the mediated settlement agreement stated the following:

> PROPERTY TO PETITIONER (Husband): . . . All interest in Husband's Teacher Retirement benefits (TRS) except that portion awarded to wife herein. . . .

> PROPERTY TO RESPONDENT (Wife): . . . 35.5% of Husband's TRS (Tex. Teacher Retirement) Benefits to be divided by QDRO.

The final decree reflected this agreement by stating the following:

> Property to Husband
> IT IS ORDERED AND DECREED that the husband, COLIN DWIGHT ELSIK, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property: . . .
>
> H-4. A portion of COLIN DWIGHT ELSIK's retirement benefits in Teacher's Retirement System arising out of COLIN DWIGHT ELSIK's employment as of January 22, 2010, together with any interest, dividends, gains, or losses on that amount arising since that date and more particularly defined in a Qualified Domestic Relations Order signed by the court on the day this Final Decree of Divorce is signed, not awarded to wife. . . .
>
> Property to Wife
> IT IS ORDERED AND DECREED that the wife, BEVERLY SHARON ELSIK, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property: . . .
>
> W-6. A portion of COLIN DWIGHT ELSIK's retirement benefits in Teacher's Retirement System Fund of Texas arising out of COLIN DWIGHT ELSIK's employment with Seguin Independent School District as of January 22, 2010, that portion being thirty-five and one-half percent (35.5%), together with any interest, dividends, gains, or losses on that amount arising since that date and more particularly defined in a Qualified Domestic Relations Order signed by the court on the day this Final Decree of Divorce is signed.

Thus, like the mediated settlement agreement, the divorce decree did not mention anything relating to the survivor annuity. Indeed, had the trial court included Colin's proposed provision, it would have improperly signed a judgment that varied from the terms of the mediated settlement agreement.

Therefore, finding no error on the part of the trial court, we affirm the judgment.

Karen Angelini, Justice